## COVENANT OF WARRANTY MODIFIED BY PAROL EVIDENCE.

Court of Appeals for Delaware County.

WILLIAM MCKENZIE ET AL. V. GEORGE C. BUCHAMANN ET AL.

Decided, May Term, 1916.

*Title—Covenant of Warranty Against Encumbrances—Circumstances Under which It May be Modified by Parol Evidence—Such Modification Not Inconsistent with the Covenant.*

1. In an action for damages for breach of covenant against encumbrances, parol evidence is admissible which in any way tends to prove that after execution of the deed containing said covenant, and before its delivery to the grantees, it was agreed between them and the grantor that the grantees should assume a certain unexpired lease constituting a lien on the premises sought to be conveyed, and that but for such agreement the grantor stated he would declare the deal off and destroy the deed.

2. A promise to assume a lien, which is an encumbrance upon the property conveyed, is not in conflict with or inconsistent with the covenant of warranty against encumbrances contained in the deed, but is in effect a discharge of the grantor from liability on the covenant of warranty so far as said lien is concerned.

*Marriott, Freshwater & Wickham,* for plaintiffs in error.
*George C. Snyder,* contra.

HOUCK, J.

This is a proceeding in error seeking to reverse the judgment of the Common Pleas Court of Delaware County, Ohio. A jury having been waived the case was submitted to the trial judge on the pleadings and evidence. The facts in the case here submitted are contained in the journal entry of the judgment and finding of facts and conclusions of law by the trial judge in the court below, and are before this court for review.

The parties here stand in reverse order from where they stood in the court below. The suit in the common pleas court was

brought by George C. Buchamann et al against William McKenzie et al to recover three hundred dollars damages for an alleged breach of covenant against an encumbrance in a deed for certain real estate conveyed by defendants to plaintiffs. The court below found for the plaintiffs, and a judgment for three hundred dollars and costs was entered in favor of the defendants in error, the plaintiffs below. Plaintiffs in error ask for a reversal of this judgment for the reason that the court erred in excluding certain testimony and not receiving and considering the same, and that the judgment is contrary to law. The following facts, as shown in the finding of facts by the trial judge, were ruled out and not considered by the court below, and to this the defendants below excepted:

"There was no exception in the deed as it was prepared as to the lease of Alkire and Sands. Alkire and Sands had a lease on the east room they occupied, and which would not expire until November 15, 1915. At the time the deed was read, and before the delivery of the deed, the question arose as to the lease of Alkire and Sands. The plaintiffs desired to know whether they could have possession of the room occupied by Alkire and Sands, and were then informed by McKenzie, defendant, that Alkire and Sands had a right to occupy the room until the 15th of November, 1915, and that unless the plaintiffs would accept the deed with Alkire and Sands' tenancy, and take the property subject to said lease, that the deed would be destroyed and the deal called off. Thereupon it was agreed by plaintiffs, before the delivery of the deed, that they would accept the deed and take the property subject to Alkire and Sands' lease, and it was then suggested that the deed be changed and that there be embodied in it an agreement and exception as to Alkire and Sands' lease, but the deed having been before that time signed by all the parties, and their wives not being present, it was agreed that plaintiffs would accept the deed as written, in order to save re-writing and re-execution, and that they would accept the property subject to the Alkire and Sands' tenancy.

"These negotiations were oral, and the conversation took place before the delivery of the deed. Upon the agreement by the plaintiffs that they would accept the property and pay the price of $7,800 subject to the encumbrance of Alkire and Sands' lease without changing the deed; the deed was then delivered to plaintiffs and the consideration was paid, and the court finds

the facts to be that the plaintiffs accepted said deed as written, and without change subject to the Alkire and Sands' lease, it having been stated to plaintiffs before the deed was delivered that unless they would so accept the property with the encumbrance of Alkire and Sands thereon the parties would destroy the deed and the trade would be off; and the court finds from the evidence that it was stated orally by plaintiffs that they would accept the deed and pay the price subject to Alkire and Sands' lease, and that it was not necessary to put that exception in the deed, and the court finds that the trade was then consummated and the deed delivered without the exception being written therein."

It will be conceded as a well settled principle of law that parol evidence can not be received to vary, contradict or change the terms of a written contract, because it is presumed that all of the provisions and terms of the contract are embodied therein; but in the case at bar the deed had been written, signed, witnessed and properly executed, but had not been delivered, and before its delivery, as disclosed in the finding of facts, the plaintiffs below agreed to waive the covenant of the warranty as to the lease in question and accept the property described in the deed subject thereto. Quoting from the finding of facts, "it was agreed that the plaintiffs would accept the deed as written, in order to save re-writing and re-execution, and that they would accept the property subject to the Alkire and Sands' tenancy, it having been stated to plaintiffs before the deed was delivered that unless they would so accept the property with the encumbrance of the Alkire and Sands' lease thereon the defendants would destroy the deed and the trade would be declared off; and then the plaintiffs said they would accept the deed subject to said lease and pay the price, and the deed was then delivered and accepted."

We can not weigh the evidence in the present case and are bound by the facts as contained in the finding of facts. If a bill of exceptions containing all the testimony from the trial below had been prepared and presented to us for review, we are not prepared to say what conclusion we would have reached as to the weight of the testimony in question.

It will be observed that the testimony under consideration was concerning what occurred at the time of, and was offered to establish a contract that was claimed to have been made and entered into between the covenantors and covenantees after the execution of the deed in question and before its delivery. The facts disclose that the deed would not have been delivered by the covenantors to the covenantees, but would have been destroyed, if the covenantees had not agreed to accept the same and assume the lease in controversy.

Under these circumstances we can not conceive of a rule of evidence so far reaching and so inequitable as to preclude the admissibility of such testimony. We therefore hold that parol evidence was admissible in the case at bar that in any way tended to prove that after the execution of the deed which contained covenants against encumbrances, and before its delivery to the grantees, it was agreed between them that the grantees should assume the lease in question, which was a lien upon the premises conveyed.

The weight to be given such evidence was to be determined by the trial judge to whom the case had been submitted, a jury having been waived by the parties in this case. We think in the present case that a parol agreement entered into between the grantors and grantees, wherein the grantees were to assume the lease, was the moving cause of consummating the deal.

Let us inquire: Does proof of a promise to assume a lien, which is an encumbrance upon the property conveyed, conflict with or is it inconsistent with the terms of the conveyance? Certainly not. Can there be any doubt, in a suit for a breach of a covenant against an encumbrance, it could be shown by proper evidence that a lien (a lease in this case) had been assumed by the grantee after the execution of the deed and before its delivery? We think not. The effect of the promise, which was proved by parol evidence in this case, was only to show that the grantees had agreed to assume the lease before the delivery of the deed, and thereby the lien on the property conveyed had been discharged so far as the grantors were concerned, and by

reason thereof they were released from any liability on the covenant of warranty as to the lease.

For the reasons given we are of the opinion that the judgment of the court below should be reversed. Judgment reversed, and the cause is remanded to the common pleas court for a new trial.

SHIELDS, J., and POWELL, J., concur.